STATE OF NEBRASKA, APPELLEE, V. DARYL DEAN PINNEY, APPELLANT.

226 N. W. 2d 630

Filed March 6, 1975. No. 39665.

George E. Brugh, for appellant.

Clarence A. H. Meyer, Attorney General, and Marilyn B. Hutchinson, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, NEWTON, CLINTON, and BRODKEY, JJ.

McCOWN, J.

In January of 1974, in the District Court for York County, the defendant pleaded guilty to a charge of burglary. On March 22, 1974, the defendant was placed on probation for a period of 2 years under the usual probation conditions. On April 17, 1974, the defendant was convicted and sentenced in the District Court for Platte County to consecutive terms in the county jail for assault and battery and minor in possession. On June 20, 1974, after defendant had waived hearing on a motion to revoke probation, the District Court for York County found that the defendant had violated the terms of the probation order and sentenced him to 1 to 2 years imprisonment on the original burglary conviction. The only issue here is whether or not the sentence was excessive.

The statutory range of sentence for imprisonment in the Nebraska Penal and Correctional Complex in this case was from 1 to 10 years. The record and the presentence report indicate that the original burglary charge on which the defendant was convicted and sentenced here was only one of two counts, one of which was dismissed pursuant to a plea bargain. The record also indicates that before the entry of the original probation order, the defendant was committed to the Division of Corrections for evaluation pursuant to the terms of section 83-1,105(3), R. S. Supp., 1974. That report recommended against probation but the probation here was thereafter granted. Defendant's prior record establishes that as a minor he was found guilty of breaking and entering, as well as numerous misdemeanor violations.

He was also absent without leave from the military service at the time of his violation of the conditions of probation.

A sentence imposed within statutory limits will not be disturbed on appeal unless an abuse of discretion appears in the record. State v. Palmer, 191 Neb. 540, 216 N. W. 2d 178. There was no abuse of discretion here.

The judgment is affirmed.

AFFIRMED.